UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL JAMES BAKER

Case Number: 8:18-cr-99-T-17JSS
USM Number: 70152-018

Andrew Shein, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One, Four, Five, Ten, & Eleven of the Superseding Indictment. The defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1951(a) | Conspiracy to Commit Hobbs Act Robbery | July 20, 2017 | One |
| 18 U.S.C. §§ 1951(a)-(b) and 2 | Hobbs Act Robbery | January 31, 2016 | Four |
| 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C) and 2 | Brandishing a Firearm During a Crime of Violence | January 31, 2016 | Five |
| 18 U.S.C. §§ 1951(a)-(b) and 2 | Hobbs Act Robbery | December 19, 2016 | Ten |
| 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C), and 2 | Brandishing a Firearm During a Crime of Violence | December 19, 2016 | Eleven |

Counts Two and Twelve of the Superseding Indictment are dismissed in accordance with the plea agreement. The underlying Indictment and 2nd Superseding Indictment are dismissed on government's motion.

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____ DEPUTY CLERK

Date of Imposition of Judgment:

April 12, 2019

ELIZABETH A. KOVACHEVICH
United States District Judge

April 12, 2019

AO 245B (Rev. 02/18) Judgment in a Criminal Case

Michael James Baker
8:18-cr-99-T-17JSS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWO HUNDRED and FIFTY-FIVE (255) MONTHS** as to the Superseding Indictment. This term consists of FIFTY-ONE (51) Months as to each of Counts One, Four, & Ten, to run concurrently; a term of EIGHTY-FOUR (84) Months as to Count Five, consecutive to Counts One, Four, & Ten; and a term of ONE HUNDRED and TWENTY (120) Months as to Count Eleven, to run consecutive to Count Five. Defendant shall receive credit for time served as calculated by the United States Bureau of Prisons.

    The Court makes the following recommendations to the Bureau of Prisons:
- 1st Choice of Incarceration: Coleman, Florida (Defendant has no objection to incarceration with his brother/co-defendant, Jevin Michael Stone)
- 2nd Choice of Incarceration: Jesup, Georgia
- Unicor to send support for minor children.
- Medical exam for gastrointestinal problems, need for root canal, and sleep apnea condition. Defendant allergic to penicillin.
- Academic education in engineering field.
- Vocational education in electrical trade, welding, plumbing, HVAC, refrigeration, mechanics, small business administration, and computers related to trades and academic education.
- Counseling to adjust to a prison environment and counseling on better selection of associates.

    The defendant is remanded to the custody of the United States Marshal to await designation by the Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on __5-24-19__ to __USP McCR__

at __Pine Knot Ky__, with a certified copy of this judgment.

G. Kizziah Warden
UNITED STATES MARSHAL

By: J. Cornelius
Deputy U.S. Marshal

AO 245B (Rev. 02/18) Judgment in a Criminal Case

Michael James Baker
8:18-cr-99-T-17JSS

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of total term of **FIVE (5) YEARS** as to the Superseding Indictment. This term consists of THREE (3) years as to Counts One, Four, & Ten, and FIVE (5) years as to Counts Five & Eleven, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case

Michael James Baker
8:18-cr-99-T-17JSS

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 02/18) Judgment in a Criminal Case

Michael James Baker
8:18-cr-99-T-17JSS

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|        | **Assessment** | **JVTA Assessment** * | **Fine** | **Restitution** |
|--------|----------------|-----------------------|----------|-----------------|
| **TOTALS** | $500.00 | N/A | Waived | N/A |

## SCHEDULE OF PAYMENTS

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case